UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

LAWRENCE FELTZIN,

    Plaintiff,

v.

REGENCY CENTERS, INC. D/B/A
BOYNTON LAKES PLAZA; PENELOPE,
INC. D/B/A CHRIS' TAVERNA; DUFFY'S
OF BOYNTON BEACH, INC. D/B/A
DUFFY'S SPORTS GRILL; MAHESH
CORPORATION D/B/A DUNKIN
DONUTS; 1293, INC. D/B/A SUBWAY; and
PUBLIX SUPERMARKETS, INC. D/B/A
PUBLIX,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, LAWRENCE FELTZIN, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues REGENCY CENTERS, INC. D/B/A BOYNTON LAKES PLAZA; PENELOPE, INC. D/B/A CHRIS' TAVERNA; DUFFY'S OF BOYNTON BEACH, INC. D/B/A DUFFY'S SPORTS GRILL; MAHESH CORPORATION D/B/A DUNKIN DONUTS; 1293, INC. D/B/A SUBWAY; and PUBLIX SUPERMARKETS, INC. D/B/A PUBLIX (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. §

12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, LAWRENCE FELTZIN, is an individual over eighteen years of age, with a residence in Palm Beach County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, REGENCY CENTERS, INC., was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida.

6. At all times material, Defendant, REGENCY CENTERS, INC., owned and/or operated a commercial plaza located at 4740-4774 N Congress Avenue, Boynton Beach, 33426[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida.

7. At all times material, Defendant, PENELOPE, INC., was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida.

8. At all times material, Defendant, PENELOPE, INC., owned and/or operated a commercial restaurant at 4774 N Congress Avenue, Boynton Beach, Florida 33426 (hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida. Defendant, PENELOPE, INC., holds itself out to the public as "Chris' Taverna."

---

[1] All of the Tenant-Defendants' places of public accommodation are within the Landlord-Defendant's (REGENCY CENTERS, INC.) shopping center/place of public accommodation (4740-4774 N Congress Avenue, Boynton Beach, Florida 33426).

9. At all times material, Defendant, DUFFY'S OF BOYNTON BEACH, INC., was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Lake Worth, Florida.

10. At all times material, Defendant, DUFFY'S OF BOYNTON BEACH, INC., owned and/or operated a commercial restaurant at 4746 N Congress Avenue, Boynton Beach, Florida 33426 (hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida. Defendant, DUFFY'S OF BOYNTON BEACH, INC., holds itself out to the public as "Duffy's Sports Grill."

11. At all times material, Defendant, MAHESH CORPORATION, was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Boynton Beach, Florida.

12. At all times material, Defendant, MAHESH CORPORATION, owned and/or operated a commercial restaurant at 4782 N Congress Avenue, Boynton Beach, Florida 33426 (hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida. Defendant, 1293, INC., holds itself out to the public as "DUNKIN DONUTS."

13. At all times material, Defendant, 1293, INC., was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Boynton Beach, Florida.

14. At all times material, Defendant, 1293, INC., owned and/or operated a commercial restaurant at 4778 N Congress Avenue, Boynton Beach, Florida 33426 (hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida. Defendant, 1293, INC., holds itself out to the public

as "SUBWAY."

15. At all times material, Defendant, PUBLIX SUPER MARKETS, INC., was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Lakeland, Florida.

16. At all times material, Defendant, PUBLIX SUPER MARKETS, INC., owned and/or operated a commercial restaurant at 4770 N Congress Avenue, Boynton Beach, Florida 33426 (hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida. Defendant, PUBLIX SUPER MARKETS, INC., holds itself out to the public as "PUBLIX."

17. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property/Businesses are located in Palm Beach County, Florida, Defendants regularly conduct business within Palm Beach County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

18. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

19. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

20. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

21. Plaintiff, LAWRENCE FELTZIN, is an individual with disabilities as defined by and

pursuant to the ADA. Plaintiff, LAWRENCE FELTZIN, is paralyzed and is substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. He requires the use of a wheelchair to ambulate and uses a manual wheelchair.

22.  Defendant, REGENCY CENTERS, INC., owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the businesses therein, located in Boynton Beach, Florida, that is the subject of this Action.

23.  Defendants, REGENCY CENTERS, INC. D/B/A BOYNTON LAKES PLAZA; PENELOPE, INC. D/B/A CHRIS' TAVERNA; DUFFY'S OF BOYNTON BEACH, INC. D/B/A DUFFY'S SPORTS GRILL; MAHESH CORPORATION D/B/A DUNKIN DONUTS; 1293, INC. D/B/A SUBWAY; and PUBLIX SUPERMARKETS, INC. D/B/A PUBLIX, own, operate and/or oversee the businesses located within the Commercial Property/Strip Mall, located in Boynton Beach, Florida, that are the subject of this Action.

24.  Mr. Feltzin is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

25.  He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Feltzin is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

26.  The subject Commercial Property is open to the public and is located in Boynton Beach, Palm Beach County, Florida. The individual Plaintiff visits the Commercial Property, to include a visit to the Commercial Property and the businesses located within the Commercial

Property on or about February 7, 2023 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and the businesses located within the Commercial Property. He often visits the Commercial Property and the businesses located within the Commercial Property, in order to avail himself of the goods and services offered there because it is approximately located within the same county as his residence and is eight (8) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property, within four (4) months of the filing of this Complaint.

27. The Plaintiff found the Commercial Property and the businesses located within the Commercial Property, to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property the business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

28. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, Lawrence Feltzin, and others similarly situated.

29. Defendants, REGENCY CENTERS, INC. D/B/A BOYNTON LAKES PLAZA; PENELOPE, INC. D/B/A CHRIS' TAVERNA; DUFFY'S OF BOYNTON BEACH, INC. D/B/A DUFFY'S SPORTS GRILL; MAHESH CORPORATION D/B/A DUNKIN DONUTS; 1293, INC. D/B/A SUBWAY; and PUBLIX SUPERMARKETS, INC. D/B/A PUBLIX, own and/or operate a

place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendants, REGENCY CENTERS, INC. D/B/A BOYNTON LAKES PLAZA; PENELOPE, INC. D/B/A CHRIS' TAVERNA; DUFFY'S OF BOYNTON BEACH, INC. D/B/A DUFFY'S SPORTS GRILL; MAHESH CORPORATION D/B/A DUNKIN DONUTS; 1293, INC. D/B/A SUBWAY; and PUBLIX SUPERMARKETS, INC. D/B/A PUBLIX, are responsible for complying with the obligations of the ADA. The places of public accommodation that Defendants, REGENCY CENTERS, INC. D/B/A BOYNTON LAKES PLAZA; PENELOPE, INC. D/B/A CHRIS' TAVERNA; DUFFY'S OF BOYNTON BEACH, INC. D/B/A DUFFY'S SPORTS GRILL; MAHESH CORPORATION D/B/A DUNKIN DONUTS; 1293, INC. D/B/A SUBWAY; and PUBLIX SUPERMARKETS, INC. D/B/A PUBLIX, own and/or operate are the Commercial Property and the businesses located within, located at 4770-4774 N. Congress Avenue, Boynton Beach, Florida 33426.

30.     Plaintiff, LAWRENCE FELTZIN, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and the businesses located within the Commercial Property, but to assure himself that the Commercial Property and the businesses located within the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property and the businesses located within the Commercial Property,

without fear of discrimination.

31.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and the businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I - ADA VIOLATIONS
## AS TO REGENCY CENTERS, INC.

32.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

33.     Defendant, REGENCY CENTERS, INC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A.  Parking and Exterior Accessible Route

i.   Parking spaces throughout the Commercial Property are not maintained, lack identification signage, contain slopes beyond limits within parking spaces, and lack compliant accessible routes from accessible parking, violating Sections 402 and 502 of the 2010 Accessibility Standards.  These conditions during numerous visits prevented Mr. Feltzin from unloading from his vehicle freely and safely.

ii.  Defendant fails to provide the required amount of compliant accessible parking spaces, violating Section 502 of the 2010 Accessibility Standards.  The lack of accessible parking makes Mr. Feltzin park in open areas so he can unload freely and safely from his vehicle.

  iii. Curb ramps provided to access stores at the Commercial Property are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain excessive slopes, abrupt changes of level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards. These conditions are unsafe for Mr. Feltzin when he accesses the curb ramps.

  iv. The exterior accessible route from parking spaces and throughout the Commercial Property fails to provide a safe accessible route, violating Section 402 of the 2010 Accessibility Standards.  Mr. Feltzin was forced to travel the abrupt changes of level and/or slopes in the traffic area of the center to get to the curb ramp and had to deal with cross slopes while accessing tenants.

  v. Defendant fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.  The current route contains improper slopes.  The lack of a compliant accessible route prevents the option of public transportation for Mr. Feltzin.

**COUNT II - ADA VIOLATIONS
AS TO REGENCY CENTERS, INC. and
PENELOPE, INC. D/B/A CHRIS' TAVERNA**

34. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

35. Defendants, REGENCY CENTERS, INC and PENELOPE, INC. D/B/A CHRIS' TAVERNA, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business

located within the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Payment counters and other accessible elements throughout the restaurant are mounted beyond the reach of Mr. Feltzin, violating Sections 308 and 904 of the 2010 Accessibility Standards.

ii. Defendants failed to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards. Mr. Feltzin was unable to dine comfortably due to lack of accessible tables.

iii. Entering tenants is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. In some cases, steps are provided to enter tenants. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

B. <u>Restrooms</u>

i. Restrooms were reported to be unsafe for use by Plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to inaccessible water closets, lack of proper controls, improper grab bars, and insufficient wheelchair maneuvering space, violating Section 601 of the 2010 Accessibility Standards.

ii. Dispensers are mounted at a height beyond reach of wheelchair users and denying access to Plaintiff, in violation of Section 308 of the 2010 Accessibility Standards.

iii. Lavatories lack knee clearance and/or insulated pipe wrap accessibility preventing Plaintiff from freely accessing the lavatory and in violation of Section 606 of the 2010 Accessibility Standards.

iv. Restrooms contain improper centerlines and/or flush controls on the wall side, violating

    Section 604 of the 2010 Accessibility Standards. Mr. Feltzin was unable to access flush controls in some locations while in the restrooms due to improper location.

v. Using restrooms is impeded by round doorknobs, improper signage, and/or a lack maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round doorknobs, stored goods, and/or lack of maneuvering space impede Mr. Feltzin from easily accessing doors.

<b><u>COUNT III - ADA VIOLATIONS AS TO REGENCY CENTERS, INC. and DUFFY'S OF BOYNTON BEACH, INC. D/B/A DUFFY'S SPORTS GRILL</u></b>

36. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

37. Defendants, REGENCY CENTERS, INC and DUFFY'S OF BOYNTON BEACH, INC. D/B/A DUFFY'S SPORTS GRILL, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Payment counters and other accessible elements throughout the restaurant are mounted beyond the reach of Mr. Feltzin, violating Sections 308 and 904 of the 2010 Accessibility Standards.

ii. Defendants failed to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards. Mr. Feltzin was unable to dine comfortably due to lack of accessible tables.

11

iii. Entering tenants is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. In some cases, steps are provided to enter tenants. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

B. <u>Restrooms</u>

i. Restrooms were reported to be unsafe for use by Plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to inaccessible water closets, lack of proper controls, improper grab bars, and insufficient wheelchair maneuvering space, violating Section 601 of the 2010 Accessibility Standards.

ii. Dispensers are mounted at a height beyond reach of wheelchair users and denying access to Plaintiff, in violation of Section 308 of the 2010 Accessibility Standards.

iii. Lavatories lack knee clearance and/or insulated pipe wrap accessibility preventing Plaintiff from freely accessing the lavatory and in violation of Section 606 of the 2010 Accessibility Standards.

iv. Restrooms contain improper centerlines and/or flush controls on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Feltzin was unable to access flush controls in some locations while in the restrooms due to improper location.

v. Using restrooms is impeded by round doorknobs, improper signage, and/or a lack maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round doorknobs, stored goods, and/or lack of maneuvering space impede Mr. Feltzin from easily accessing doors.

## COUNT IV - ADA VIOLATIONS
## AS TO REGENCY CENTERS, INC. and MAHESH CORPORATION D/B/A
## DUNKIN DONUTS

38. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

39. Defendants, REGENCY CENTERS, INC and MAHESH CORPORATION D/B/A DUNKIN DONUTS, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Payment counters and other accessible elements throughout the restaurant are mounted beyond the reach of Mr. Feltzin, violating Sections 308 and 904 of the 2010 Accessibility Standards.

ii. Defendants failed to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards. Mr. Feltzin was unable to dine comfortably due to lack of accessible tables.

iii. Entering tenants is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. In some cases, steps are provided to enter tenants. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

B. <u>Restrooms</u>

i. Restrooms were reported to be unsafe for use by Plaintiff. Inspection revealed Mr. Feltzin

> ii. was unable to use the restrooms safely due to inaccessible water closets, lack of proper controls, improper grab bars, and insufficient wheelchair maneuvering space, violating Section 601 of the 2010 Accessibility Standards
>
> ii. Dispensers are mounted at a height beyond reach of wheelchair users and denying access to Plaintiff, in violation of Section 308 of the 2010 Accessibility Standards.
>
> iii. Lavatories lack knee clearance and/or insulated pipe wrap accessibility preventing Plaintiff from freely accessing the lavatory and in violation of Section 606 of the 2010 Accessibility Standards.
>
> iv. Restrooms contain improper centerlines and/or flush controls on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Feltzin was unable to access flush controls in some locations while in the restrooms due to improper location.
>
> v. Using restrooms is impeded by round doorknobs, improper signage, and/or a lack maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round doorknobs, stored goods, and/or lack of maneuvering space impede Mr. Feltzin from easily accessing doors.

### COUNT V - ADA VIOLATIONS
### AS TO REGENCY CENTERS, INC. and 1293, INC. D/B/A SUBWAY

40. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

41. Defendants, REGENCY CENTERS, INC and 1293, INC. D/B/A SUBWAY, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the

Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Payment counters and other accessible elements throughout the restaurant are mounted beyond the reach of Mr. Feltzin, violating Sections 308 and 904 of the 2010 Accessibility Standards.

ii. Defendants failed to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards. Mr. Feltzin was unable to dine comfortably due to lack of accessible tables.

iii. Entering tenants is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. In some cases, steps are provided to enter tenants. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

**COUNT VI - ADA VIOLATIONS**
**AS TO REGENCY CENTERS, INC. and PUBLIX SUPERMARKETS, INC.**
**D/B/A PUBLIX**

42. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

43. Defendants, REGENCY CENTERS, INC and PUBLIX SUPERMARKETS, INC. D/B/A PUBLIX, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Entering tenants is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. In some cases, steps are provided to enter tenants. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

B. <u>Restrooms</u>

i. Restrooms were reported to be unsafe for use by Plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to inaccessible water closets, lack of proper controls, improper grab bars, and insufficient wheelchair maneuvering space, violating Section 601 of the 2010 Accessibility Standards.

ii. Dispensers are mounted at a height beyond reach of wheelchair users and denying access to Plaintiff, in violation of Section 308 of the 2010 Accessibility Standards.

iii. Lavatories lack knee clearance and/or insulated pipe wrap accessibility preventing Plaintiff from freely accessing the lavatory and in violation of Section 606 of the 2010 Accessibility Standards.

iv. Restrooms contain slopes beyond limits within the accessible stall, violating Sections 601 and 604 of the 2010 Accessibility Standards.

v. Restrooms contain improper centerlines and/or flush controls on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Feltzin was unable to access flush controls in some locations while in the restrooms due to improper location.

vi. Using restrooms is impeded by round doorknobs, improper signage, and/or a lack maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round doorknobs, stored goods, and/or lack of maneuvering space impede Mr. Feltzin from easily accessing doors.

**RELIEF SOUGHT AND THE BASIS**

44. The discriminatory violations described in the Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, LAWRENCE FELTZIN, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

45. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

46. Defendants have discriminated against the individual Plaintiff by denying him access

to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

47. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

48. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

49. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and

gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

50. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates their businesses, located at and/or within the commercial property located at 4740-4774 N Congress Avenue, Boynton Beach, 33426 the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, LAWRENCE FELTZIN, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 8, 2023

                                       **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
                          dramos@lawgmp.com

By:    */s/ Anthony J. Perez*
        ANTHONY J. PEREZ
        Florida Bar No.: 535451
        BEVERLY VIRUES
        Florida Bar No.: 123713